UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. BRANNON,

       Petitioner,

                                                     Case No. 14-cv-11212
                                                     Honorable Gershwin A. Drain

v.

LLOYD RAPELJE,

       Respondent.
_____/

**ORDER GRANTING STATE'S AMENDED MOTION FOR STAY PENDING APPEAL [#14] AND DENYING PETITIONER'S MOTION FOR RELEASE ON BOND [#12]**

## I. Introduction

    This is a habeas corpus case pursuant to 28 U.S.C. § 2254.  In his Petition, Robert K. Brannon ("Petitioner") challenged the constitutionality of his 2011 conviction for first degree criminal sexual conduct.  On January 4, 2016, this Court issued an Opinion and Order Conditionally Granting Petition for Writ of Habeas Corpus.  In that Opinion and Order, the Court ordered that, unless the state court scheduled a new trial within ninety days, Petitioner must be unconditionally released.  The State filed a timely Notice of Appeal on January 22, 2016.

     Presently before the Court is the State's Amended Motion for Stay Pending Appeal, filed on February 3, 2016.  Petitioner has failed to file a Response to the

present motion, and the deadline for doing so has passed. *See* Dkt. No. 17 (ordering Petitioner to file a Response by February 22, 2016). The Court has previously determined that oral argument will not assist in the resolution of this matter. *Id.*; E.D. Mich. L.R. 7.1(f)(2).

Also, before the Court is Petitioner's Motion for Bond, filed on January 28, 2016. The Court referred the matter to Pretrial Services, which issued a report and recommendation on February 22, 2016. The State filed a Response in Opposition on March 2, 2016. Petitioner filed a Reply in support of his present motion on March 9, 2016. Upon review of the parties' submissions and the report and recommendation from pretrial services, the Court declines to hold an evidentiary hearing. Nor will oral argument aid in the resolution of Petitioner's present motion. Accordingly, the Court will determine Petitioner's Motion for Release on Bond on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

## **II. Background**

This Court granted a Conditional Writ on the ground that Petitioner received ineffective assistance of counsel. The Court held that counsel was ineffective in failing to adequately investigate and failing to present expert testimony regarding the reliability of the victim's testimony and that Petitioner was prejudiced by these errors.

## **III. Analysis**

The State's Motion for Stay and Petitioner's Motion for Bond are each governed by Rule 23(c) of the Federal Rules of Appellate Procedure, which provides

that:

> While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c). Rule 23(c) creates a presumption of release from custody pending appeal of a district court's grant of a habeas corpus petition. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). However, the presumption may be overcome if the court, in its broad discretion, determines that traditional stay factors tip the balance against release. *Id.* In deciding whether to stay an order granting habeas corpus relief pending appeal or to release a successful habeas petitioner, a district court should consider and balance the following four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Id.* at 776. The court may consider the risk of flight and the risk that the Petitioner may pose a danger to the public if released. *Id.* at 777. The court may also consider the state's interest "in continuing custody and rehabilitation pending a final determination of the case on appeal." *Id.* This interest "will be strongest when the remaining portion of sentence to be served is long, and weakest where there is little

of the sentence remaining to be served." *Id.*

Under the first *Hilton* factor, the Court must consider whether the State has made a strong showing that it is likely to succeed on the merits, or at the very least has demonstrated "a substantial case on the merits." *Id.* at 778. Respondent argues that the State is likely to succeed on the merits because this Court conducted "classic *de novo* review" and failed to properly defer to the Michigan Supreme Court's conclusion that Petitioner was not denied the effective assistance of counsel when counsel decided to forego expert testimony concerning the delayed reporting of the sexual assault. To the contrary, the Court gave appropriate deference to the Michigan Supreme Court's decision under 28 U.S.C. § 2254(d). However, the Court recognizes that the Sixth Circuit may disagree with this Court's conclusion that the state court unreasonably applied clearly established Supreme Court law in rejecting Petitioner's ineffective assistance of counsel claim. Therefore, the State has at least demonstrated that it has a "substantial case on the merits." *Id*. at 778. This factor weighs in favor of the State.

Next, this Court must consider whether the State will be irreparably injured absent a stay. The state's interest in rehabilitating a prisoner is a factor to be considered by a court in deciding whether to issue a stay or release a successful habeas petitioner, and this interest is strongest when the remaining portion of the sentence to be served is long. *Id.* at 777. Petitioner is subject to a sentence of 20 to 40 years and has only served roughly twenty-five percent (25%) of the minimum sentence.

Petitioner's earliest release date is April of 2030 and he could remain in prison until April of 2050. First degree criminal sexual conduct is a gravely serious offense for which Petitioner is serving a lengthy sentence and the remaining portion to be served is indeed lengthy.

The court may also consider the risk of flight and the risk that the Petitioner may pose a danger to the public if released. *Id.* at 777. The report and recommendation from pretrial services indicates that Petitioner intends to live with his mother, who resides in Illinois. It is noteworthy that Petitioner has a history of not following conditions relative to travel. When he was released from jail on a prior offense, he failed to report to the probation office as directed and returned to Illinois without permission.

Additionally, Petitioner has a history of sex offenses involving children. His mother's residence is less than a mile from a school for children in grades one through four. He also has a history of violating the conditions of bond. When he was awaiting trial in another case involving criminal sexual conduct, he violated the conditions of his bond by attending a birthday party where minor children were present. Given Petitioner's history of sexual abuse and violating the conditions of bond and probation, the safety of the community cannot be guaranteed if he were to be released.

Lastly, "it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to grant

relief to Petitioner." *See Williams v. Booker*, 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010); *rev'd on other grds*, 454 F. App'x 475 (6th Cir. 2012). This factor weighs heavily in favor of the State.

As to the third *Hilton* factor, Respondent argues that Petitioner will not be substantially prejudiced by a stay because Petitioner will be re-tried and likely re-convicted. Continued imprisonment resulting from a constitutionally infirm conviction would cause substantial injury to Petitioner. *See Burdine v. Johnson*, 87 F. Supp. 2d 711, 717 (S.D. Tex. 2000) (remedying a prisoner's confinement in violation of the Constitution "is the very essence of the writ of habeas corpus."). As such, Petitioner's interest in release pending appeal is always substantial. *See Powell v. Howes*, No. 05-cv-71345, 2012 U.S. Dist. LEXIS 33084, *5 (E.D. Mich. Mar. 13, 2012). This factor weighs in favor of Petitioner.

As to the last *Hilton* factor, the public has an interest "in not wasting State and judicial resources by simultaneously pursuing an appeal in the Court of Appeals and re-prosecuting Petitioner in state court." *Pointdexter v. Booker*, No. 05-CV-71607, 2007 U.S. Dist. LEXIS 69502, *10 (E.D. Mich. Sept. 20, 2007). Moreover, the public has a strong interest in protecting the community from harm and, as previously discussed, Petitioner's criminal history and failure to abide by conditions of bond and probation lead the Court to conclude that there is no condition or combination of conditions that will reasonably assure the safety of the community if Petitioner were to be released pending appeal. This factor weighs heavily in favor of the State.

-6-

Weighing the *Hilton* factors, the Court concludes that the factors weigh in favor of staying the conditional writ until all appellate avenues have been exhausted by the State and denying Petitioner's Motion for Release on Bond.

## IV.  Conclusion

Accordingly, the State's Amended Motion for Stay Pending Appeal [#14] is GRANTED.   Petitioner's Motion for Release on Bond [#12] is DENIED.

SO ORDERED.

Dated:  March 21, 2016

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.
/s/ Tanya Bankston
Case Manager