UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. BRANNON,

        Plaintiff,              Case Number: 14-CV-11212

v.                                    HON. GERSHWIN A. DRAIN

LLOYD RAPELJE,

        Defendant.
_____/

**ORDER DENYING PETITIONER'S AMENDED MOTION FOR RECONSIDERATION OF MOTION FOR RELEASE ON BOND PENDING RESPONDENT'S APPEAL [#26] AND FINDING MOTION FOR RECONSIDERATION [#24] MOOT**

This Court granted Plaintiff Robert K. Brannon's petition for a writ of habeas corpus on January 4, 2016, and Respondent filed a Notice of Appeal on January 22, 2016. Petitioner moved for release on bond pending appeal and the Court referred the matter to pretrial services for an investigation and bond recommendation. On March 21, 2016, the Court denied Petitioner's request for release on bond pending appeal. Now before the Court is Petitioner's motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e). The Court referred the matter to pretrial services for a revised report and pretrial services forwarded its report to the Court on September 20, 2016.

The disposition of motions under Rule 59(e) are "entrusted to the court's sound

-1-

discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id. (quoting Keweenaw Bay*, 904 F. Supp. at 1141).

In his present motion, Petitioner complains that some of the information contained in the pretrial services investigation report relied on by the Court to deny Petitioner's request for bond was inaccurate. Specifically, Petitioner argues that he was never convicted in 2007 of aggravated criminal sexual abuse in Kane County, nor was he charged in 2001 with three counts of aggravated criminal sexual abuse. Petitioner argues that because the "allegations involving aggravated sexual abuse in

Kane County either do not exist or were dismissed in their entirety," reconsideration is warranted. The Court disagrees.

Review of the updated pretrial services report reveals that Petitioner was indeed never convicted on the aggravated charges brought by Kane County in 2007. Rather, while Petitioner was on bond in Kane County, he was taken into custody and convicted in Michigan on the charges giving rise to the instant action. Because Defendant was convicted in Michigan, Kane County dismissed the charges against him.

Reviewing the factors this Court should consider when considering whether to release Petitioner pending appeal and the revised information concerning Petitioner's criminal history, the Court is not persuaded that a different disposition of its earlier bond determination is warranted. *See Hilton v. Braunskill*, 481 U.S. 770, 774 (1987)

The updated criminal history information does not alter this Court's conclusion that Petitioner's criminal history, involving sex offenses against minors, is gravely serious. Moreover, Petitioner has not demonstrated that the other troubling findings by pretrial services were erroneous, such as his history of violating the conditions of bond and probation. Nor has Petitioner addressed the remaining *Hilton* factors, which the Court found weighed heavily in favor of denying release on bond pending appeal.

Accordingly, Plaintiff's Amended Motion for Reconsideration [#26] is

**DENIED**.  Petitioner's Motion for Reconsideration [#24] is MOOT.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2016