UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. BRANNON,

Petitioner,

v.

LLOYD RAPELJE,

Respondent.

Case No. 14-cv-11212

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. INTRODUCTION

This 28 U.S.C. § 2254 habeas case returns to the Court on remand from the Sixth Circuit. *See Brannon v. Rapelje*, 672 F. App'x 557, 562 (6th Cir. Dec. 5, 2016). Petitioner Robert Brannon was convicted in the Monroe Circuit Court after a jury trial of first-degree criminal sexual conduct. Mich. Comp. Laws § 750.520b. Brannon filed his habeas petition raising eleven claims. *See* ECF No. 1. This Court granted the petition based on Petitioner's first claim asserting ineffective assistance of counsel for failing to consult with a defense expert. *See* ECF No. 8. The undersigned declined to address Petitioner's other claims. *Id.*

1

Respondent appealed, and the Sixth Circuit reversed and remanded the case for consideration of Petitioner's remaining claims.  *See* ECF No. 28.  The Court set a briefing schedule to allow the parties to file supplemental briefs, but the parties opted to rely on their original submissions.  *See* ECF Nos. 32, 33, and 35.

For the reasons that follow, the Court will DENY the petition.  None of Petitioner's remaining claims merit habeas relief.  The Court will also deny a certificate of appealability.

## II. FACTUAL BACKGROUND

The Michigan Court of Appeals summarized the facts of Petitioner's case:

Defendant was convicted of engaging in sexual penetration with a six-year-old niece in the summer of 1995, at the home of the victim's maternal grandparents in Temperance, Michigan. The alleged act of penetration involved defendant's insertion of a crayon into the victim's anal opening. The victim did not tell anyone else about the incident until approximately ten years later, after she learned that defendant had sexually molested one of her aunts (defendant's sister-in-law). That aunt testified that she was 15 years old when defendant first sexually assaulted her, and that defendant engaged in inappropriate sexual contact with her on several subsequent occasions. Like the victim, the aunt delayed telling anyone about the sexual assaults. The aunt testified that she did not tell anyone because defendant threatened to leave her sister if she told. The aunt additionally testified that she did not want to disrupt the family and that defendant assured her that he was not engaging in inappropriate conduct with anyone else. Defendant argued at trial that the victim's testimony was not credible, and he also presented an alibi defense to show that he was never at the home of the victim's grandparents during the summer of 1995.

2

*People v. Brannon*, No. 303267, 2013 WL 4528453, at *1 (Mich. Ct. App. Aug. 27, 2013).

Following his conviction, Petitioner filed a motion for new trial. The motion raised claims of ineffective assistance of counsel, prosecutorial misconduct, great weight of the evidence, and the erroneous admission of evidence. The trial court denied the last three claims in an opinion and order dated February 25, 2009, and it granted an evidentiary hearing on Petitioner's first claim. The evidence presented at the hearing largely concerned trial counsel's failure to consult with and hire an expert witness to challenge the prosecution's experts. The trial court found that counsel was ineffective and granted a new trial. The Michigan Court of Appeals affirmed. The prosecutor appealed, and the Michigan Supreme Court vacated the order granting a new trial and remanded the case to the trial court to reinstate Petitioner's conviction. This ineffective assistance of counsel claim was Petitioner's lead habeas claim and formed the basis for the Court's grant of relief that was reversed by the Sixth Circuit. The issue is therefore no longer part of the case.

On remand from the Michigan Supreme Court, the trial court sentenced Petitioner to 20-40 years. Petitioner thereafter filed a claim of appeal. Petitioner's appellate counsel filed a brief in the Michigan Court of Appeals that raised the following claims:

I. Trial counsel rendered ineffective assistance of counsel by failing engage [sic] in a reasonable investigation when deciding to pursue expert witness testimony, and when counsel failed to challenge the MCL 768.27a evidence under a MRE 404(b)(1) and MRE 403 analysis.

> A. While the order from the [Michigan] Supreme Court is governed by the "law of the case" doctrine, Mr. Brannon is raising an independent basis of ineffective assistance of counsel based on failure to investigate.

> B. Trial counsel's representation fell below an objective standard of reasonableness when counsel failed to engage in a reasonable investigation when deciding to pursue expert witness testimony.

> C. Trial counsel's representation fell below an objective standard of reasonableness when he failed to object to the testimony of the complainant that she "knew" that her [aunt] had been molested previously by Mr. Brannon, when he failed to challenge the MCL 768.27a evidence under a MRE 404(b)(1) and MRE 403 analysis.

> D. Counsel was ineffective for failing to seek to obtain the complainant's medical and/or psychological records to challenge the complainant's veracity.

> E. The totality of trial counsel's ineffectiveness so prejudiced Mr. Brannon as to deprive him of a fair trial.

II. The prosecutor's comments during closing arguments that the evidence was completely "uncontroverted" and that Mr. Brannon "doesn't challenge that [the offense] occurred" violated the [sic] Mr. Brannon's Fifth Amendment rights, as the comments directed the jury's attention to Mr. Brannon's decision not to testify, and Mr. Brannon was denied effective assistance of counsel by his attorney's failure to object.

III. The conviction should be set aside because it is against the great weight of the evidence, and a miscarriage of justice will it [sic] is allowed to stand.

IV. MCL 768.27a violates the constitutional right of the presumption of innocence and infringes on the Supreme Court's authority.

V. Mr. Brannon's due process rights under the federal and state constitutions were violated when the trial judge failed to hold an evidentiary hearing to determine the scope of [the victim's aunt's] testimony.

VI. Mr. Brannon's due process rights under the federal and state constitutions were violated when the trial judge refused to disqualify prosecutor Anne McCarthy from prosecuting the case, when defense counsel established that she was likely to be a witness at trial.

VII. Offense variable 2 ("OV2") of the judicial sentencing guidelines, for "bodily injury", was incorrectly scored at 25 points in computing the recommended minimum sentence range for the offense.

VIII. The trial court abused its discretion in imposing a 20 to 40 year sentence, when the sentence exceeded the sentencing guidelines, but the reasons given for imposing it rather than a sentence within the guidelines were inadequate and improper and did not justify departure.

IX. Mr. Brannon must be resentenced because the sentencing judge failed to give reasons for the extent of the departure.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. *Brannon*, 2013 WL 4528453. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court that raised the same claims. The Michigan Supreme Court denied the application by standard form order. *People v. Brannon*, 843 N.W.2d 191 (Mich. 2014) (Table).

5

### III. LEGAL STANDARD

Section 2254(d) curtails federal habeas review of state convictions for claims adjudicated on the merits by state courts.  A habeas petitioner must demonstrate that the state court adjudication was "contrary to" or "involved an unreasonable application of" clearly established Supreme Court law.  A decision is "contrary to" clearly established Supreme Court law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.

Under this standard, a federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## IV. Discussion

### A.  Ineffective Assistance of Trial Counsel

As indicated, the Sixth Circuit reversed the grant of habeas relief based on Petitioner's first allegation of ineffective assistance of counsel.  Petitioner's second, third, and fourth habeas claims raise additional claims of ineffective assistance of counsel.  None merit relief.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner's counsel was ineffective.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel guaranteed by the Sixth Amendment.  *Id.* at 687.  Second, the petitioner must establish that counsel's deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial.  *Id.*

With respect to the performance prong, a petitioner must identify acts that are "outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  The Court's scrutiny of counsel's performance is viewed through a highly deferential lens.  *Id.* at 689.  Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 690.  The petitioner bears the burden of

overcoming the presumption that his counsel's actions constituted sound trial strategy.  *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome.  *Id.*  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."  *Id.* at 686.

### 1.  Failure to Object to Testimony from a Police Officer

Petitioner's second habeas claim asserts that defense counsel was ineffective for failing to object to police opinion testimony regarding the prevalence of delayed disclosure in child sexual abuse cases.  Though Petitioner raised this claim on direct appeal, the Court of Appeals failed to discuss the allegation in its opinion. *See* ECF No. 6-43, PageID.2852–55.  Where a state court ignores a properly raised claim, habeas review is de novo.  *See Wofford v. Woods*, 969 F.3d 685, 697 (6th Cir. 2020) (AEDPA deference does not apply if the state court has through "sheer inadvertence" overlooked a claim).

Police Investigator Berg testified at trial that he worked at the Kane County Child Advocacy Center in Illinois. At the time of trial, Berg had worked as a law enforcement officer for 40 years. Since 1989, Berg specialized in investigations involving child sexual abuse allegations. In 2005, Berg spoke with the victim twice at the Child Advocacy Center in Illinois. The victim told Berg about what Petitioner did to her. She included details in her second statement that she had not disclosed in her first statement. The victim told Berg that she was embarrassed to talk about it. Berg testified that this was not the first time a child did not tell him everything during the first meeting. Berg also stated that children seldom disclose everything initially, even to family members. The 10-year delay in disclosure did not strike Berg as unique or out of the ordinary.

Petitioner's trial counsel was not ineffective for failing to object to this testimony because he fails to show that it was inadmissible under state evidentiary law. Michigan Rule of Evidence 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witnesses and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Under Michigan law, a lay opinion by a police officer is admissible when it is based on the officer's perception and assists the jurors in determining a fact in issue. *See People v. Daniel*, 207 Mich. App. 47, 57 (1994). Additionally,

testimony is admissible when a police witness is generally qualified to testify as an expert witness under Michigan Rule of Evidence 702 and could have been qualified to do so at trial. *See People v. Dobek*, 274 Mich. App. 58, 78–79 (2007).

Here, as in *Dobek*, the witness was qualified to give testimony on the prevalence of the delayed disclosure of sexual abuse given Berg's extensive experience in conducting child interviews. Berg did not testify about the underlying psychology related to delayed disclosure. Nor did he give an opinion as to the victim's credibility in this case. Rather, Berg simply stated that delayed disclosure is an ordinary event in his extensive experience interviewing children claiming to be the victims of sexual assault.

The case relied upon by Petitioner to show that counsel should have objected, *People v. Smith*, 425 Mich. 98, 106 (1986), is distinguishable. In that case, the physician opined that the complainant had, in fact, been sexually assaulted based on her emotional state and statements made during the examination. Berg, on the other hand, offered no opinion on whether the victim was telling the truth. He simply expressed his view that, in light of his extensive experience, the delayed disclosure of child sexual abuse is not unusual. Because Petitioner fails to demonstrate that Berg's testimony was inadmissible under Michigan law, trial counsel did not perform deficiently by failing to object. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

## 2.  Failure to Object to Victim's Testimony

Petitioner asserts in his third claim that his counsel was ineffective for failing to object to the victim's testimony that she knew that Petitioner had molested her aunt.  Petitioner asserts that the use of the word "knew" amounted to the admission of hearsay.

This claim was explicitly rejected by the Michigan Court of Appeals in its opinion.  Because the state court rejected the allegation on the merits, review is not de novo as was the case with Petitioner's second claim.  Instead, the issue is whether the conclusion reached by the state court falls within the bounds of reasonable adjudications of Petitioner's claims.  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The Supreme Court has indicated that:

Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id*. at 105.  Turning to the state court adjudication of this allegation, the Court of Appeals found that no objection was warranted because the statement was not offered as hearsay.  *See Brannon*, 2013 WL 4528453, at *3.  Inadmissible hearsay involves statements offered to prove the truth of the matter asserted.  Mich. R. Evid. 801(c).  A statement admitted to show someone's state of mind, and not the

fact of the matter asserted, is not hearsay. *People v. Fisher*, 449 Mich. 441 (1995). The Michigan Court of Appeals determined that the statement at issue fell within the non-hearsay purpose of showing how the victim's receipt of the information that her aunt had been molested by Petitioner caused her to come forward with her own allegations.

This constituted a reasonable basis for rejecting Petitioner's third claim. The state court found that the evidentiary grounds Petitioner offered for objecting to the testimony was invalid—that the statement was not offered for the truth of the matter asserted, and so there was no viable hearsay objection. Trial counsel was not required to make a meritless objection. *Harris*, 204 F.3d at 683. Because the state court adjudication was not objectively unreasonable, Petitioner fails to demonstrate entitlement to relief based on this allegation.

### 3.  Failure to Obtain to Victim's Psychological Records

Petitioner asserts in his fourth claim that his counsel was ineffective for failing to obtain medical and psychological records regarding the victim. The Michigan Court of Appeals rejected the claim because Petitioner did not proffer any evidence as to what such records would show. *See Brannon*, 2013 WL 4528453, at *4–5.

Petitioner failed in the state courts, and he fails here, to proffer any records that could have been used to impeach the victim. Conclusory allegations of ineffective assistance of counsel, without evidentiary support, do not provide a basis for habeas relief. *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing in habeas proceedings). Accordingly, the Michigan Court of Appeals' decision denying relief with respect to this claim because it lacked factual support was not contrary to or an unreasonable application of Supreme Court precedent.

## B. Prosecutorial Misconduct

Petitioner asserts in his fifth claim that the prosecutor violated his Fifth Amendment rights during closing argument by directing the jury's attention to Petitioner's failure to testify or present defense evidence. The Michigan Court of Appeals rejected the claim on the merits, finding that the prosecutor did not comment on Petitioner's failure to testify. *See Brannon*, 2013 WL 4528453, at *5-6.

The Fifth Amendment right of a defendant to remain silent forbids comment by the prosecution on the accused's silence. *Griffin v. California*, 380 U.S. 609, 615 (1965); *Gall v. Parker*, 231 F.3d 265, 311 (6th Cir. 2000). The judge and prosecutor may not suggest that the defendant's silence may be treated as substantive evidence. *Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976). "Reversal based on a prosecutor's improper indirect comment on a defendant's silence requires one of two findings: manifest intent to comment on the failure to testify; or the remark was "of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Wells*, 623 F.3d 332, 338–39 (6th Cir.2010) (quoting *United States v. Robinson*, 651 F.2d 1188, 1197 (6th Cir .1981)).

Defense counsel attacked the victim's credibility during closing argument. The attorney argued that the defense presented documentation showing Petitioner could not have assaulted the child in Michigan at the time alleged by the prosecution. In response, during rebuttal argument, the prosecutor stated:

> And, yes, you have to watch and listen to everything. I want you to do that. And I am confident with everything in me that when you come back you will have a finding of guilt. There is no question and certainly no reasonable doubt that this occurred. The Defendant doesn't challenge that it occurred, and we've shown you when it's occurred, without any question. He can't show you with his records. He can't show you with his selective records, I would suggest to you, since we have no idea what other records they might have. If you choose, look at all the records, look at all of the evidence, and you can

14

see that there are some gaps. Again, just a day, just two days, they're there.

ECF No. 6-20, PageID.1702–03.   The prosecutor's argument did not implicate Petitioner's Fifth Amendment rights.   When viewed in context, the prosecutor's comment was not manifestly intended to comment on Petitioner's failure to testify, nor would it necessarily have been interpreted by the jury as such.   "A prosecutor may comment on a defendant's failure to call witnesses or offer other evidence to support his factual theories so long as the prosecutor's comment does not implicate a defendant's right not to testify." *Skinner v. McLemore*, 551 F. Supp. 2d 627, 646 (E.D. Mich. 2007).

The prosecutor's comment properly involved an argument responding to evidence offered by Petitioner that he was not in Michigan at the time of the alleged assault.   The prosecutor's rebuttal asserted that the evidence presented by Petitioner did not cover the entire time period, and therefore did not sufficiently undermine the victim's testimony.   The prosecutor did not suggest that Petitioner was required to testify to fill the gap in the records.   This claim was reasonably rejected by the state courts.

### C. Great Weight of the Evidence

Petitioner next asserts in his sixth claim that the verdict went against the "great weight of the evidence," warranting a new trial.   It is important to note that

Petitioner did not present a claim to the state courts, nor does he present one here, that the evidence was constitutionally insufficient to support the verdict under the Fourteenth Amendment.

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004). In Michigan, a state trial court may order a new trial "where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v. Lemmon*, 456 Mich. 625, 642 (1998) (internal quotation omitted). The grant of a new trial under these circumstances is distinct from the due process issues raised by insufficient evidence, and "does not implicate issues of a constitutional magnitude." *Id.* at 634 n.8. Thus, a claim that a verdict is against the great weight of the evidence alleges an error of state law, which is not cognizable on habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law"). Accordingly, Petitioner is not entitled to habeas relief on this claim.

### D. Constitutionality of Michigan Complied Law § 768.27a

Petitioner's seventh claim asserts that Mich. Comp. Law § 768.27a is unconstitutional because it infringes on his constitutional right to be presumed

innocent.   He also asserts that the statute violates the separation of powers principal in Michigan's constitution.

The statute in question states that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant."  Mich. Comp. Law § 768.27a.  Petitioner asserts that the statute as worded permits the admission of highly prejudicial other-acts evidence to show a propensity to commit crimes against minors.  Such use, he argues, undermines the presumption of innocence guaranteed by the Fourteenth Amendment.

Petitioner is not entitled to habeas relief on this claim because "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.2003).  Consequently, "there is no Supreme Court precedent that the trial court's decision could be deemed 'contrary to' under [§ 2254(d)(1) ]."  *Id.* at 513.  Petitioner's personal disagreement with the state court's ruling on the admissibility of other-acts evidence "is not cognizable on federal habeas review, inasmuch as it involves no constitutional dimension." *Bey v. Bagley*, 500 F.3d 514, 523 (6th Cir. 2007).

Petitioner also contends that the Michigan State Legislature exceeded its authority by enacting § 768.27a, which conflicts with Michigan Rule of Evidence 403's prohibition on the admission of evidence that is more prejudicial than probative. Setting aside the fact that Rule 403 still applies to such evidence, this argument is not cognizable on habeas review because it raises an issue of state law. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000). "[A] federal court may not grant habeas relief based on 'a perceived error of state law.'" *Id.* (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Furthermore, state officials are not required to follow their own procedural statutes and rules as a matter of federal due process. *See Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir.1994) (en banc).

Finally, as to Petitioner's separation of powers argument, a habeas petitioner is not entitled to habeas relief based upon an alleged violation of the Michigan Constitution. *See Hudson v. Berghuis*, 174 Fed. App'x. 948, 952, n.1 (6th Cir. 2006). The claim is without merit.

### E. Failure to Hold Pretrial Hearing on Testimony from the Victim's Aunt

Petitioner's eighth claim asserts that the trial court erred in ruling on the admission of other-acts testimony from the victim's aunt without first assuring that the scope of her testimony was properly circumscribed as required by state evidentiary law at a pretrial hearing.

18

The denial of an evidentiary hearing by a state court, however, simply does not state a claim upon which habeas relief can be granted. *See, e.g.*, *Cornwell v. Bradshaw*, 559 F.3d 398, 411 (6th Cir.2009). Petitioner has cited no case, let alone clearly established Supreme Court law, that requires a trial court to hold a pretrial evidentiary hearing to determine the scope of a witness's prior-acts evidence. Petitioner is not entitled to relief on this claim.

### F. Failure to Disqualify Prosecutor

Petitioner's ninth claim argues that the trial court erred in failing to disqualify the trial prosecutor on the grounds that she had a personal interest in the outcome of the case. The Michigan Court of Appeals rejected the claim on the merits, finding that the prosecutor's brief conversation with the victim's mother did not make her a necessary witness or biased. *See Brannon*, 2013 WL 4528453, at *8–9.

The claim fails on habeas review because it cannot be supported by clearly established federal law. No Supreme Court precedent exists holding that due process requires a prosecutor to withdraw from a case due to an appearance of bias. *Lester v. Curtin*, No. 13-cv-1285, 2014 WL 201146, at *5 (W.D. Mich. Jan. 17, 2014). Accordingly, even if it is true that the victim's mother first spoke to the assistant prosecutor who told her to go to the police and make a report, the state

court determination that the prosecutor was not thereby disqualified from handling the case did not violate any federal right clearly established by Supreme Court law. Petitioner therefore cannot demonstrate entitlement to habeas relief with respect to this claim.

### G. Sentencing Guidelines

Petitioner's tenth claim asserts that the trial court incorrectly scored the sentencing guidelines under Michigan law. Specifically, he asserts that points were incorrectly scored for the offense variable concerning personal injury to the victim.

It is important to note that Petitioner did not present a claim to the State courts, nor does he present one here, that the scoring of the guidelines violated his Sixth Amendment jury trial rights. *See Alleyne v. United States*, 570 U.S. 99 (2013); *Robinson v. Woods*, 901 F.3d 710 (6th Cir. 2018). In any event, Petitioner was sentenced under the pre-1999 mandatory sentencing guideline scheme that *Robinson* held violated the Sixth Amendment. The version of the guidelines used by the sentencing court here was advisory. *See* ECF No. 6-43, PageID.2859. Advisory guidelines' use is permitted under the Sixth Amendment. *See United States v. Booker*, 543 U.S. 220, 232 (2005).

The claim that Petitioner exhausted in the state courts is that the trial court erred under state law in scoring points for an offense variable.  A claim asserting that the sentencing court erred in scoring the sentencing guidelines is not cognizable on federal habeas review because it is a state law claim.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.").  State courts are the final arbiters of state law and the federal courts do not intervene in such matters.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  Petitioner thus fails to state a claim upon which federal habeas relief may be granted based on his guidelines claim.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong.  *See Dell*, 194 F. Supp. 2d at 659.  Nor may Petitioner have leave to appeal *in forma pauperis* because such an appeal could not be taken in good faith.  *See id*; *see also* 28 U.S.C. § 1915(a)(3).

### H. Eighth Amendment

Petitioner's final claim asserts that his sentence of 20–40 years is cruel and unusual in violation of the Eighth Amendment because it is disproportionate to the severity of his crime.

Under clearly established Supreme Court law, the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment. *Lockyer*, 538 U.S. at 77 (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls

within the maximum penalty under state law.  Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

## I. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability, by making a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition.  *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).  Here, jurists of reason would not debate the Court's conclusion that Petitioner has not meet the standard for a certificate of appealability with respect to his remaining claims.  The Court will deny a certificate of appealability.

## IV. Conclusion

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 13, 2022        /s/ Gershwin A. Drain
                                      GERSHWIN A. DRAIN
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 13, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager